UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
|     Plaintiff : | CIVIL ACTION NO. 3:21-01283 |
|     v. : | (JUDGE MANNION) |
| JOHN M. KISTLER, JR., : | |
|     Defendant : | |

**MEMORANDUM**

Before the court is defendant John M. Kistler, Jr.'s motion to dismiss, (Doc. 4), plaintiff the United States of America's complaint, (Doc. 1).

For the following reasons, the defendant's motion to dismiss will be denied.

**I.   Background**

The plaintiff alleges that defendant, a resident of Pittston, Pennsylvania, has accrued outstanding federal income tax liabilities for the 2008 through 2012 tax years. (Doc. 1 at ¶¶4, 6). For the 2008 through 2012 tax years, the Internal Revenue Service ("IRS") assessed income tax liabilities against defendant in the amounts of $3,799, $9,736, $4,348,

$12,797, and $11,714 respectively. *Id*. at ¶7. Statutory additions for interest and penalties have also been assessed and accrued on these tax assessments.

Plaintiff alleges that, despite notice and demand for payment of such tax assessments, the defendant has failed or refused to pay the full amounts owed. *Id*. at ¶10.

On July 21, 2021, the plaintiff commenced this action by filing a complaint requesting this court reduce to judgment the federal income tax assessments against the defendant. *Id*. Specifically, the complaint requests the court grant judgment in the plaintiff's favor for income tax liabilities, penalties, and interest in the amount of $79,620 which defendant accrued as of July 26, 2021, as well as interest and penalties that will continue to accrue after that date according to applicable law (Count I). *Id*. at ¶10. On October 25, 2021, the defendant filed a motion to dismiss, supporting brief, an affidavit in support of his motion. (Docs. 4, 5, 6). The plaintiff filed a brief in opposition to the defendant's motion on November 8, 2021. (Doc. 8). Thus, the defendant's motion to dismiss has been fully briefed and is ripe for discussion.

II.     **Motion to Dismiss Standard of Review**

Fed.R.Civ.P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Moreover, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544 at 555).

In ruling on a motion to dismiss, the court generally considers the complaint, exhibits attached to the complaint, and matters of public record. *In re Lengyel*, No. 3:CV–13–2821, 2014 WL 2003099 (M.D.Pa. May 15, 2014) (*citing Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir 2004).

### III.  Discussion

Defendant contends the allegations in the plaintiff's complaint "merely recite bare legal conclusions" and so cannot survive this motion to dismiss. (*See* Doc. 5 at 1). However, the defendant fails to state any coherent basis in support of his position.

The defendant asserts numerous contentions, all of which are meritless or incoherent. (Docs. 5, 6). In support of his position, the defendant relies upon the illogical argument that the plaintiff has no standing to file the

action against him because it is not the United States government, despite the caption of the complaint stating otherwise. (Doc. 5 at 1-2; Doc. 1).

Here, the complaint alleges the jurisdictional basis for the relief sought, that the IRS assessed income tax liabilities against defendant as well as the specific amounts of the assessments. (Doc. 1 at ¶¶1-2, 7, 10). Accordingly, it appears to the court that the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." See Twombly, 550 U.S. at 570.

## IV. Conclusion

For the reasons set forth above, the Court will deny defendant's motion to dismiss, (Doc. 4).

A separate Order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 25, 2022**
21-01283-01