THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : CIVIL ACTION NO. 3:21-CV-1283 |
| Plaintiff, | : (JUDGE MARIANI) |
| | : (Magistrate Judge Carlson) |
| v. | : |
| | : |
| JOHN MICHAEL KISTLER, JR., | : |
| | : |
| Defendant. | : |

## ORDER

**AND NOW, THIS** 22nd **DAY OF JUNE 2023,** upon review of Magistrate Judge Martin C. Carlson's Report and Recommendation ("R&R") (Doc. 77) and all relevant documents for clear error or manifest injustice,[1] **IT IS HEREBY ORDERED THAT**:

---

[1] The Court concludes that *de novo* review is not warranted in the circumstances presented here. If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); M.D. Pa. Local Rule 72.3; *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). "If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to *de novo* review by the district court." *EEOC v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017). The *de novo* standard applies only to objections which are specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). Following issuance of the R&R on July 12, 2022, Defendant filed a three-part document (Docs. 78, 78-1, 78-2) on July 28, 2022, which he docketed as a motion. Document 78 is titled "Petitioner's Motion Statement in Support of Remand to US Tax Court Basis is Jurisdiction and Venue are Improper." Document 78-1 is titled "Petitioner Notice in Opposition to Summary Judgment and Notice of Appeal to United States Tax Court." Document 78-2 is titled "Summary Statement in Support of Opposition to US Atty. Carroll's Motion for Summary Judgment Proof of Claim by the Secretary Demanded." Only the second of these contains any reference to the R&R or Magistrate Judge Carlson: in five of the sixty-one paragraphs in the document, Plaintiff lodges complaints against Magistrate Judge Carlson but does not specifically reference the R&R. (*See* Doc. 78-1 ¶¶ 2, 3, 4, 9, 14.) To the extent the Court considers "Petitioner Notice in Opposition to Summary Judgment and Notice of Appeal to United States Tax Court" to be objections to the R&R, the document was not timely filed in that the R&R was served on Defendant via electronic filing on July 12, 2022, and the last day for filing objections was July 26, 2022—two days before Defendant filed the document at issue. (*See* Doc. 77 at 20; *see also* Doc. 77 Notice of Electronic Filing.)

1. The R&R (Doc. 77) is **ADOPTED** for the reasons set forth therein.

2. Third-Party Defendants EASi LLC's (n/k/a/ Actalent Services, LLC) and Aerotek Inc.'s (n/k/a Aerotek Affiliated Services, Inc.) Motion to Dismiss Third-Party Complaint (Doc. 50) is **GRANTED**.

3. Third-Party Defendant Wells Fargo Bank & Trust Company, Inc.'s Motion to Dismiss Third-Party Complaint (Doc. 53) is **GRANTED**.

4. Third-Party Defendant Day & Zimmermann NPS, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 54) is **GRANTED**.

5. Third-Party Defendants Peoples Security Bank and Trust Company (f/k/s Old Forge Bank) and Fidelity Deposit & Discount Bank (s/h/a Fidelity Bank, Dunmore, PA) and Mary Blasi's Motion to Dismiss Defendant/Third-Party Plaintiff John M. Kistler, Jr.'s Third-Party Complaint (Doc. 55) is **GRANTED**.

6. All claims against Third-Party Defendants EASi LLC's (n/k/a/ Actalent Services, LLC) and Aerotek Inc.'s (n/k/a Aerotek Affiliated Services, Inc.), Wells Fargo Bank & Trust Company, Inc., Day & Zimmermann NPS, Inc., Peoples Security Bank and Trust Company (f/k/s Old Forge Bank) and Fidelity Deposit & Discount Bank (s/h/a Fidelity

---

Further, if the document had been timely filed, Defendant's allegations lack the specificity required by *Goney*. Therefore, Defendant is not entitled to *de novo* review of any portion of the R&R.

Bank, Dunmore, PA) and Mary Blasi contained in Third-Party Plaintiff's third-party complaints (Docs. 25-32) are **DISMISSED WITH PREJUDICE**.[2]

7. Claims against remaining Third-Party Defendant James Smith are **DISMISSED WITH PREJUDICE**.[3]

---

[2] Magistrate Judge Carlson's conclusions that the third-party complaints should be dismissed because they violate Federal Rule of Civil Procedure 14 (failure to state a directly derivative claim) and Third-Party Defendants cannot be held liable for complying with a tax-levy (Doc. 77 at 11, 14-16) indicate that leave to amend would be futile. *See, e.g., Phillips v. Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). Plaintiff's eight third-party complaints appear to be identical filings with different docket entry descriptions entered by Defendant. (*See* Docs. 25-32.)

[3] Smith, whom Defendant identifies as an IRS agent (*see, e.g.*, Doc. 25 at 5), did not move for dismissal, and there has been no entry of appearance on his behalf. A district court "may on its own initiative enter an order dismissing an action provided that the complaint affords sufficient basis for the court's action." *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980). Sua sponte dismissal generally requires giving the plaintiff an opportunity to respond. *Huber v. Taylor*, 532 F.3d 237, 249 (3d Cir. 2008). However,

> [i]n narrow circumstances, courts have upheld a district court's authority to sua sponte dismiss a complaint against a non-moving defendant where it is clear the plaintiff cannot succeed, if the plaintiff has notice and an opportunity to respond to the moving defendant's relevant arguments. *See Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 7 (1st Cir. 2007) (describing limited circumstances in which sua sponte dismissals under Rule 12(b)(6) are appropriate); *Acequia, Inc. v. Prudential Ins. Co. of Am.*, 226 F.3d 798, 807 (7th Cir. 2000) (stating "where one defendant succeeds in winning summary judgment on a ground common to several defendants, the district court may also grant judgment to the non-moving defendants, if the plaintiff had an adequate opportunity to argue in opposition"); *see also Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir.1994); *Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993); cf. *Oatess v. Sobolevitch*, 914 F.2d 428, 430 n.5 (3d Cir. 1990) (noting, in a different context, that a district court may sua sponte raise the deficiency of a complaint so long as the plaintiff is given an opportunity to respond). Here, the non-moving defendants were represented by the same counsel as the moving defendant and are participating in this appeal. Chen had notice and an opportunity to respond to the motion to dismiss. We will affirm the District Court's dismissal of the individual defendants under the particular circumstances of this case.

*Chen v. KPMG LLP*, No. 21-1202, 2021 WL 4520645, at *3 (3d Cir. Oct. 4, 2021), *cert. denied*, 214 L. Ed. 2d 170, 143 S. Ct. 352 (2022).

8. Defendant's Third-party complaints (Docs. 25-32) are **DISMISSED WITH PREJUDICE**.[4]

9. The Clerk of Court is directed to **CLOSE THIS CASE**.

*/s/ Robert D. Mariani*
Robert D. Mariani
United States District Judge

---

Here, Third-Party Plaintiff had notice and an opportunity to respond to the moving Third-Party Defendants' motions and he had notice and an opportunity to respond to the R&R recommending dismissal of the motions. Third-Party Plaintiff Kistler did not meaningfully respond to Magistrate Judge Carlson's R&R regarding dismissal of the moving Third-Party Defendants on grounds equally applicable to Third-Party Defendant Smith, specifically the failure of the third-party complaints to advance a directly derivative claim in violation of Rule 14 of the Federal Rules of Civil Procedure (Doc. 77 at 11). Because the third-party complaints do not identify a derivative claim against Smith necessary to sustain an action pursuant to Federal Rule of Civil Procedure 14, dismissal of all claims against him is appropriate. *See, e.g., FD.I.C. v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994); *see also Simonson v. Borough of Taylor*, Civ. A. No. 18-CV-2445, 2019 WL 6715789, at *4-5 (M.D. Pa. Dec. 10, 2019) (collecting cases); R&R, Doc. 77 at 9-10. Further, specific to Third-Party Defendant Smith, the Third Circuit Court of Appeals has observed that "Congress has expressly invoked sovereign immunity with respect to virtually all tax assessment challenges and demands for declaratory and injunctive relief under the [Internal Revenue Code], except in narrow situations," *United States v. Stuler*, 396 F. App'x 798, 800 (3d Cir. 2010), thereby barring claims against IRS agents for filing notices of tax liens, *United States v. Beeman*, Civ. A. No. 1:10-CV-237, 2011 WL 2601959, at *16 (W.D. Pa. June 30, 2011). Because Third-Party Plaintiff had notice and an opportunity to respond to the impropriety of his third-party complaints pursuant to Rule 14 and it is clear that Third-Party Plaintiff cannot succeed against Third-Party Defendant Smith, claims against him are appropriately dismissed at this juncture.

To the extent Third-Party Plaintiff intended Cathy Thompson, whom he identifies as an "EASI/Aerotek" employee who works in the payroll office (Doc. 25 at 5), to be an individual third-party defendant, his allegations indicate that she was acting within the scope of her employment (*see id.*), and the opinion with respect to her employer (*see supra* ¶ 2) applies to her.

[4] *See* n.2.